## THE STATE v. HOLMES.

1. **Court**: ADJOURNMENT BY TELEGRAPH: LEGALITY OF. A telegram from the judge to the clerk, ordering an adjournment of court, is a written order within the meaning of the statute, and an adjournment made in pursuance thereof is legal.

2. **Criminal Law**: PROOF OF FORMER CONVICTION: LIKE OFFENSE. Upon the trial of an indictment for keeping a house of ill fame, found under section 4013 of the Code, proof of a prior conviction of the defendant on an indictment based on section 4091, but which did not charge the keeping of a house of ill fame, was held inadmissible to establish a former conviction for a like offense for the purpose of increasing the penalty under the statute.

*Appeal from Winneshiek District Court.*

WEDNESDAY, OCTOBER 5.

INDICTMENT charging that the defendant "did * * * keep a house of ill. fame resorted to by divers persons for the purpose of prostitution and lewdness" and that the defendant had previously been convicted of a "like offense * * * to wit, keeping a house of ill-fame resorted to for the purpose of prostitution and lewdness."

There was a jury trial, verdict guilty, and that the defendant had been previously convicted of a like offense. Judgment that the defendant be "confined in the additional penitentiary at Anamosa for the term of two years and six months." The defendant appeals.

*John B. Kaye*, for appellant.

*Smith McPherson, Attorney General*, for the State.

SEEVERS, J.—I. The defendant was tried and convicted at the March term, 1881. The court should have convened on the seventh day of that month, but as the judge did not arrive at the county seat on that day the clerk adjourned the court until the next day and

on that day for the same reason until the ninth day of March. At three and a-half o'clock p.m. of said last day the clerk received from the judge the following telegram:

"CALMAR, IOWA, MARCH 9TH, 1881.

"*To M. M. Harden, Clerk*—I have made and sent you a written order adjourning court until to-morrow morning, nine o'clock. Adjourn it accordingly.

"E. E. COOLEY, *Judge.*"

A few minutes before five o'clock p.m. of said day the clerk adjourned the court until March 10th, at 9 o'clock, A.M. At a quarter past six o'clock P. M. of March 9th the clerk received by mail the following: "Owing to the inability of the undersigned to reach the county seat in time to open court to-day, it is therefore hereby ordered that the District Court for Winneshiek county be and the same is hereby adjourned until Thursday, the 10th day of March, 1881, at 9 o'clock A. M. Dated March 9, 1881.

"E. E. COOLEY, *Judge District Court, 10th Judicial District, Iowa.*"

The defendant objected to being tried at said term because the court at five o'clock P. M. of March 9th by operation of law stood adjourned until the next term and could not legally convene on the 10th day of March. The objection was overruled. The statute provides: "If the judge does not appear on the day appointed for holding court the clerk shall make an entry thereof on his record and adjourn the court until the next day, and so on until the third day. * * * If the judge does not appear by five o'clock of the third day * * * the court shall stand adjourned till the next regular term. If the judge is sick or for any other sufficient cause is unable to attend court at the regularly appointed time he may by a written order direct an adjournment to a particular day therein specified, and the clerk shall on the first day of the term, or as soon thereafter as he receives the order, adjourn the court as therein directed." Code, §§ 167, 168, 169.

As the order sent by mail was not received by the clerk

until after five o'clock P.M. of the 9th day of March it will be conceded it cannot have any bearing on the question to be determined. The only question, then, is whether the telegram is a written order as contemplated by the statute, and its sufficiency.

Contracts may be made by telegram even where it is required they must be in writing, and it has been said it makes no difference if the writing is done with a steel pen an inch long attached to an ordinary penholder or whether the pen be a copper wire one thousand miles long. *Hopley v. Whipple*, 48 N. H., 487; *Moor v. Wood*, 36 N. Y., 307. The telegraph operator was the agent of the judge, and by means of the wire and instruments attached thereto and the operator the judge wrote the telegram which was delivered to the clerk. We think it was a written order within the meaning of the statute.

It is, however, insisted the telegram was a mere notification to the clerk that a written order had been sent to him. But we think it more than this, for the clerk was directed to adjourn the court to a time fixed and made certain by the telegram. It is, therefore, sufficient.

II. For the purpose of showing the defendant had been previously convicted of a like offense the State, against the

2. CRIMINAL LAW : proof of former conviction : like offense.

objection of the defendant, introduced in evidence an indictment and the record showing she had been convicted thereunder. This indictment charged the defendant with " keeping a nuisance committed as follows " : For that the defendant and another person " kept a certain place, a building * * * where they allow certain idle, dissolute and disorderly persons of both sexes * * * to congregate * * * for the purpose of there indulging in unlawful commerce of and between these defendants and said * * * persons and when so congregated said defendants * * * allow, permit and encourage such * * * persons to congregate for the purpose aforesaid and allow and permit * * * said persons while so congregated to so in-

dulge in disorderly conduct and to have sexual connection and commerce in such building or place of and with them, the said" defendants, " to the great scandal and evil example of all good citizens." This indictment was probably found under Code, § 4091, which provides: " Houses of ill-fame kept for the purpose of prostitution and lewdness * * * to the disturbance of others are nuisances and may be abated and punished as provided in this chapter."

The indictment in the present case was found under the following statute: " If any person keep a house of ill-fame resorted to for the purpose of prostitution or lewdness he shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding five hundred dollars; and any person who, after having once been convicted of such offense is again convicted of the like offense shall be punished by imprisonment in the penitentiary not less than one year nor more than three years." Code, § 4013. There can be no doubt, we think, that the previous conviction must have been for "keeping a house of ill-fame resorted to for the purpose of prostitution and lewdness" before the additional penalty can be inflicted.

That the offenses described in Code, § 4013 and §.4091 are not the same but different was held in *The State v. Shaw*, 35 Iowa, 575; *The State v. Alderman*, 40 Id., 375; *The State v. Odell*, 42 Id., 75.

The indictment introduced in evidence contains superfluous allegations and whether it charged the offense described in Code, § 4091, we need not determine. It being entirely clear, we think, it does not charge the offense defined in Code, § 4013, for it does not charge that the building or place where said persons were allowed to congregate was a house of ill-fame. It does not follow from what is stated it was a house of this character. We therefore think the court erred in permitting said indictment and record of conviction to be introduced in evidence, and in sentencing the defendant to be imprisoned in the penitentiary.

REVERSED.