## BANK OF COMMERCE vs. FRED. W. SMITH et al.

Argued by appellant, submitted on brief by respondent, May 22, 1894.   Affirmed
May 25, 1894.

No. 8694.

**Errors of jury in computing amount of verdict, how reviewed.**

Where the error or mistake complained of is not that of the court itself, but of the jury or clerk, it cannot be raised on appeal to this court without first applying to the trial court to have the error corrected. Rule applied to a case where the amount of the verdict was slightly in excess of the amount claimed in the complaint.

**A several judgment against one of the defendants, when proper.**

In an action against the maker, and the guarantors of payment, of a promissory note, the plaintiff may enter a several judgment on a verdict against the maker without waiting until the trial of the issues with the other defendants.

Appeal by Fred W. Smith, one of the defendants, from a judgment of the District Court of St. Louis County, J. D. Ensign, J., entered November 25, 1893.

On June 26, 1893, the defendant Fred W. Smith made and delivered to the plaintiff the Bank of Commerce of West Superior Wis., his promissory note whereby he promised to pay to its order ninety days thereafter $1,750 with interest at the rate of ten per cent per annum. At the same time the defendants William C. Sherwood and Adeline Smith by writing indorsed on the note for value received, guaranteed its payment. The note was not paid and the Bank brought this action upon it against the maker and guarantors. Fred W. Smith answered separately on October 24, 1893, denying all the allegations of the complaint. The issues with him were noticed for trial and were tried November 17, 1893. The other defendants did not answer until November 13, 1893. This was not in time to permit the issues with them to be noticed and brought to trial at that term. On the trial plaintiff introduced the note in evidence. Defendant, Fred W. Smith, did not appear or offer any evidence. The jury returned a verdict for the plaintiff for $1,-832.31. The amount actually due on the note at the date of the verdict November 17, 1893, was but $1,818.54. The plaintiff's costs

were taxed November 25, 1893, at $20.80, interest on the verdict was $2.82. Judgment was entered that day against Fred W. Smith only for $1,855.93, damages and costs. He did not move to correct the verdict or judgment or ask for a new trial, but on November 28, 1893, appealed from the judgment.

*Smith McMahon & Mitchell,* for appellant.

Plaintiff in his recovery is limited to the amount stated in his declaration or complaint and a verdict for more is not good. *Elfelt* v. *Smith,* 1 Minn. 125; *Eaton* v. *Caldwell,* 3 Minn. 134; *Dox* v. *Dey,* 3 Wend. 356; *Fish* v. *Dodge,* 4 Denio, 311; *Barber* v. *Kennedy,* 18 Minn. 216; *Prince* v. *Farrell,* 32 Minn. 293; *Minnesota L. O. Co.* v. *Maginnis,* 32 Minn. 193.

An excessive verdict, if the excess is not remitted in the trial court, is error and the judgment will be reversed or modified. *Stickney* v. *Bronson,* 5 Minn. 215; *Ward* v. *Haws,* 5 Minn. 440; *Seeman* v. *Feeney,* 19 Minn. 79; *Fish* v. *Dodge,* 4 Denio, 311; *Dox* v. *Dey,* 3 Wend. 356; *Elfelt* v. *Smith,* 1 Minn. 125.

The error of an excessive verdict and judgment thereon can be taken advantage of on an appeal from the judgment and need not first be raised in the court below. *Babcock* v. *Sanborn,* 3 Minn. 141; *Reynolds* v. *La Crosse & M. P. Co.,* 10 Minn. 178; *Brown* v. *Lawler,* 21 Minn. 327.

An action having been brought against the defendants jointly, a judgment against one before the issues were disposed of as to the others was irregular and should be reversed. 1878 G. S. ch. 66, § 265; *Bacon* v. *Comstock,* 11 How. Pr. 197; *Brown* v. *Richardson,* 4 Robt. 603.

*A. E. McManus,* for respondent.

It was the duty of the appellant to make his objection to the excessive verdict in the court below and give respondent and that court an opportunity to correct the record by remitting the excess. *Scott* v. *Minneapolis, St. P. & S. Ste. M. Ry. Co.,* 42 Minn. 179; *Eaton* v. *Caldwell,* 3 Minn. 134; *Oldenberg* v. *Devine,* 40 Minn. 409; *Lundberg* v. *Single Men's End. Ass'n.,* 41 Minn. 508; *Knappen* v. *Freeman,* 47 Minn. 491.

1878 G. S. ch. 66, § 265, gives the right to enter a several judgment where the same is proper and surely the appellant does not claim that this was an action in which a separate judgment was improper. *Patton* v. *Shanklin,* 14 B. Mon. 15; *Sears* v. *McGrew,* 10 Oregon, 48; *Croasdell* v. *Tallant,* 83 Pa. St. 193.

MITCHELL, J. This action was brought against Smith as maker, and two other as guarantors of the payment, of a promissory note. Each of the defendants interposed a separate answer, consisting in effect of a general denial. The cause was tried upon the issues between plaintiff and Smith, and a verdict rendered for the plaintiff, leaving the issues between plaintiff and the other defendants undisposed of. Judgment was rendered against Smith upon the verdict. The verdict was for a few dollars more than the amount claimed in the complaint. Without having made any motion for a new trial, or otherwise calling the attention of the trial court to this alleged excess in the amount of the verdict, Smith appeals from the judgment.

Whatever vacillation or uncertainty on the subject there may have been in the earlier decisions of this court, its uniform and inflexible rule, for many years, has been that where the error or mistake is not that of the court itself, but of the jury or the clerk, application must be made, in the first instance, to the trial court to correct it. This has been held in cases where the verdict was claimed not to be justified by the evidence; also, where the judgment entered by the clerk was not in accordance with the verdict or findings. The propriety of this rule is very apparent, because, presumably, if the trial court's attention was called to the matter, it would correct the error; and to allow a party to raise these questions on appeal to this court, without first applying to the trial court, would be to allow him to omit to resort to a very speedy and inexpensive remedy, which is very much in the nature of an intermediate appeal.

The evidence is not returned, and hence we do not know how the amount of the verdict was arrived at. Very probably the jury may have made a mistake in computing interest on the note. If so, the trial court would, on proper application, have corrected it by requiring the plaintiff to remit the excess. The point is not available on this appeal.

There is nothing in the point that it was error to enter a several judgment against the appellant. It was a case where a several judgment, was entirely proper. Plaintiff might have sued appellant separately, and the fact that he elected to sue all the defendants in one action did not preclude him from taking a several judgment against appellant without waiting the determination of the issues as to the other defendants. It is not necessary to decide whether this could have been done without leave of the court, had all the defendants borne the same relation to the note, and been jointly and severally liable. The relations of the maker and guarantor to a note are entirely different, their agreements being entirely separate and independent, and it is only by virtue of statute that they can be included in the same action. *Hammel* v. *Beardsley*, 31 Minn. 314, (17 N. W. 858.)

Judgment affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 311.)