## *In re* JOHN WARD'S ESTATE.

Argued May 16, 1894. Reversed May 25, 1894.

No. 8766.

**Sale on condition subsequent.**

> A sale of personal property on condition that the vendee may return it, in a certain contingency, becomes absolute, if the vendee, in the mean time, disables himself from performing the condition, as by selling or mortgaging the property.

Appeal by William Willford, Executor of the will of John Ward, deceased, from an order of the District Court of Fillmore County, *John Whytock,* J., made February 16, 1894, denying his motion for a new trial.

On December 22, 1888, John Ward, deceased, sold and delivered to claimant, Lawrence Lynch of Houston County, an imported English Shire stallion called Brown George for $1,500. Ward agreed

that in case the horse proved barren with careful handling in two seasons trial he would furnish Lynch another imported or pure bred stallion of equal value on return to him of Brown-George in good health and condition.   On January 20, 1891, John Ward died testate being a resident of Fillmore County.   His will was proved and admitted to record in that county and in April letters testamentary issued to William Willford. On October 21, 1891, Lynch presented in the Probate Court a claim against the estate for $1,500 damages for breach of the contract, claiming the horse had proved barren and that another had not been furnished on demand and offer to return Brown George.   The claim was rejected and he appealed to the District Court where pleadings were framed by direction of the court and the issues were tried November 15, 1893, before a jury and the claimant had a verdict for $1,050.   On the trial it was shown in evidence that on June 1, 1891, Lynch mortgaged the horse to Ara D. Sprague to secure the payment of his two notes for $300 and interest each, one due in a year and the other in two years from that date.   There was no proof that the mortgage was discharged or that the notes were paid.   The executor requested the Judge to charge the jury that if the claimant mortgaged the horse prior to his offer to return him and placed it out of his power to return the horse free from the incumbrance, he could not recover in the action. The judge refused and the executor excepted.   A case was made and the executor moved for a new trial but was refused.   He appeals.

*Wells & Hopp*, for appellant.

The complaint contains no averment of warranty but bases the right to recover on a breach of a conditional sale, alleging performance or proffer of performance. No judgment can be based on a cause of action not pleaded.  *Kelsey* v. *Western*, 2 N. Y. 500; *Truesdell* v. *Sarles*, 104 N. Y. 164; *Hudson* v. *Swan*, 83 N. Y. 552.

The existence of a chattel mortgage was a bar to a return.   The horse was not the property of the claimant, but of Sprague.   If the executor had accepted return, Sprague could have retaken the horse under his mortgage.   The executor could not accept the horse subject to the incumbrance and deliver to Lynch a horse in return as authorized by the contract.   As the evidence stands the fact of giving the mortgage was conclusive on the claimant of acceptance

of the horse under the condition of sale and of his inability to return him. *Ray* v. *Thompson,* 12 Cush. 281; 2 Benjamin, Sales, 743.

*Harries & Duxbury,* for respondent.

The contention of the claimant is, that in December, 1888, the testator John Ward sold him the horse for $1,500 warranting him to be a reasonable foal getter and providing that in case he was not, claimant should have the privilege of returning him and receiving in lieu thereof another of the same breed and of equal value, or a return of his money. The complaint alleges that the horse was purchased on this condition and that he did not prove to be as represented, that the plaintiff relied upon the warranty and sustained damage in the sum of $1,500. This is all that is necessary for a complaint for breach of warranty. *Bergeler* v. *Michael,* 84 Wis. 627.

Parole evidence of a verbal warranty on a sale of chattels is admissible. *Conrad* v. *Marcotte,* 23 Minn. 55; *Kelly* v. *Clow Reaper Mfg. Co.,* 20 Minn. 88; *Frohreich* v. *Gammond,* 28 Minn. 476; *Strohn* v. *Detroit & M. Ry. Co.,* 21 Wis. 554.

The chattel mortgage was a conditional sale and it did not become necessary for the claimant to remove this lien on his horse when the executor refused to accept the return of the horse and it would be error to charge that the making of the chattel mortgage put it out of the power of the claimant to return the horse for the reason that by the payment of the notes secured by this chattel mortgage the horse would be released, and for aught that appears in this record they were paid. They were both past due.

Where goods sold are warranted by the seller who stipulates that if the buyer does not find the goods to be as warranted, he may rescind the contract of sale and return the goods, the buyer, in case the warranty proves false, is not confined to a remedy by rescission and return, but may have his action for the breach. *Kemp* v. *Freeman,* 42 Ill. App. 500; *Mandel* v. *Buttles,* 21 Minn. 391; *Day* v. *Pool,* 52 N. Y. 416; *Love* v. *Ross,* 89 Ia. ——.

MITCHELL, J. The plaintiff contends that his recovery in the court below can be sustained on the ground that this was an action for damages for breach of warranty. It is undoubtedly true that where there is a warranty a right of action for its breach may exist, al-

though the vendor had expressly agreed to take back the property in case it did not correspond with the warranty, the right of the buyer to return being merely a cumulative remedy. But the trouble with plaintiff's position is that he has not alleged any warranty. The allegations of the complaint are me. ely that he bought the stallion. "upon the express condition that, if said stallion did not prove a reasonable foal getter upon at least two seasons' trial, that he was to have the privilege of returning said stallion, and to receive in lieu thereof another stallion, of equal value, upon the same conditions." The fact that plaintiff subsequently, in his pleading, calls this a "warranty," does not make it so. The complaint then proceeds to allege that the stallion did not, on such trial, prove to be a good foal getter; that plaintiff offered to return it; that defendants refused and still refuse to accept it, although plaintiff is ready and willing to do so. Aside from the statement of certain facts tending to excuse a delay in offering to return, this is all, of substance, that there is in the complaint.

This was a sale on a condition subsequent, to wit, that, if the animal did not prove a good foal getter, plaintiff might, at his election, return it, and receive another stallion in place of it. Being a sale on condition subsequent, the property vested presently in the vendee, defeasible only on the performance of the condition. If the plaintiff in the mean time disabled himself from performing the condition, then the sale became absolute. *Rary* v. *Thompson*, 12 Cush. 281.

It appears that, a few months before plaintiff tendered a return, he had executed a chattel mortgage on the horse to a third person, to secure a debt of $600, payable in one and two years. This mortgage, presumably, remains a subsisting and valid lien on the property. This act disabled the plaintiff from performing the condition, for, clearly, the defendants were not required to accept a return of the horse with this incumbrance upon it.

For this reason, if no other, the plaintiff could not recover.

Order reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 311.)