### STATE OF MINNESOTA v. JOHN M. CURRIE.

June 2, 1898.

Nos. 10,958—(15).

**Judgment—Erroneous Entry—Correction.**

Where a judgment is entered by the clerk, not in accordance with the verdict, and without the order of the court, the remedy in the first instance is by proper application to the trial court to correct it.

Appeal by defendant from a judgment of the district court for Pine county. Affirmed.

*Robt. C. Saunders,* for appellant.

*Fifield, Fletcher & Fifield,* for respondent.

BUCK, J.

The state, as plaintiff, brought this action against the defendant, Currie, under G. S. 1894, § 7933, to recover a statutory penalty for retailing, compounding, and dispensing drugs, medicines, and poisons, contrary to the statute in regard to the regulation of the practice of pharmacy. Two causes of action were set out in the complaint, and a demand made for the statutory penalty of $50 for each violation. The answer is a general denial. There was a trial by jury, which rendered a special verdict, the first subdivision being as follows:

"We do find that at the time and place alleged in the first cause of action set forth in the complaint herein said defendant did compound, dispense, vend, retail, and sell and deliver to said James H. Frost, in said cause of action named, the drugs, medicines, and poisons in said cause of action described."

The second and only other finding was favorable to the defendant. This constitutes the entire verdict, upon which the clerk without any order of the court entered judgment in favor of the state and against the defendant and his sureties, for the sum of $50 and costs. From this judgment the defendant appeals.

This verdict upon its face is a nullity. It contains a finding as to only one of several material issues made by the pleadings, and entirely fails to find whether or not the plaintiff was entitled to recover any penalty against the defendant, as provided in the section of the statute which we have quoted. It should have found either by its special verdict sufficient facts warranting the entry of judgment therein either for or against plaintiff, or else a general verdict one way or the other, unless the jury disagreed. The one found is so incomplete and defective as to render it entirely insufficient upon which to base an entry of judgment against the defendant.

But the appellant is mistaken in his remedy. He should have applied in the first instance to the trial court for relief. Notwithstanding the numerous decisions of this court to this effect (some

of which are cited in respondent's brief), cases are frequently brought here involving the same question, imposing unnecessary expense upon the parties, and unnecessarily taking up the time of the court. Such practice should be avoided. The rule is fully stated by Justice Mitchell in Bank of Commerce v. Smith, 57 Minn. 374, at page 376, 59 N. W. 312, as follows:

"Whatever vacillation or uncertainty on the subject there may have been in the earlier decisions of this court, its uniform and inflexible rule for many years has been that, where the error or mistake is not that of the court itself but of the jury or the clerk, application must be made, in the first instance, to the trial court to correct it. This has been held in cases where the verdict was claimed not to be justified by the evidence; also, where the judgment entered by the clerk was not in accordance with the verdict or findings. The propriety of this rule is very apparent, because, presumably, if the trial court's attention was called to the matter, it would correct the error; and to allow a party to raise these questions on appeal to this court, without first applying to the trial court, would be to allow him to omit to resort to a very speedy and inexpensive remedy, which is very much in the nature of an intermediate appeal."

The judgment is affirmed, but without prejudice to the defendant to apply to the trial court to vacate and set aside the judgment.