### WESTERN TWINE CO. v. WRIGHT *et al.*

1. A telegram that was addressed to another, and deposited with an operator for transmission, with the charges prepaid, is presumed to have been received by such other, in the absence of evidence to the contrary.

2. A telegram received by the addressee is admissible against the sender on proof of the loss of the original prepared by the sender.

3. A telegram received in reply to a telegram addressed to the sender is presumed to be genuine, in the absence of fraud, and is admissible, without further proof of the identity of the sender.

4. A telegram containing a warranty of goods ordered by the addressee is a contract in writing, within Comp. Laws § 3538, making a written instrument presumptive evidence of consideration.

5. In an action for the price of twine, on an issue whether the twine was worthless, the testimony of a farmer, who bought some of it of the purchaser, that the breaking of the twine delayed his harvesting, is admissible to show his source of knowledge, where he testified that the twine was worthless.

6. A purchaser of merchandise that was warranted, and proves worthless, may defeat a recovery for any amount, though he sold a part of the merchandise for cash, and the buyer made no claim on account of defects.

7. The measure of damages for a breach of a warranty of the quality of merchandise sold and delivered is the difference between what the property

would have been worth if as warranted and its actual value at the time referred to in the warranty.

8. Separate judgments may be rendered in favor of a principal and sureties jointly sued on a note, as they may be sued severally.

9. Separate judgments in favor of defendant principal and sureties will not be reversed on the ground that only a single judgment could be properly rendered, in view of Comp laws, § 4941, prohibiting the reversal of a judgment for error which does not affect a substantial right of the adverse party.

(Opinion filed April 13, 1899.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action by the Western Twine Company against F. R. Wright and others.    Judgment for defendants, and plaintiff appeals.    Affirmed.

The facts are stated in the opinion.

*Rochford & McMahon*, for appellant.

When a party takes the initiative, and for the purpose of contracting by telegraph, delivers a prepaid message, containing his offer, to the telegragh company, a telegraphic acceptance shortly thereafter received, purporting to be signed by his addressee, is not admissible to bind the latter without further proof of its authenticity. Thompson on Electricity, §§ 498, 502; Gray on Telegraphs, 242; Smith v. Easton, 39 Am. Rep. 355; Hawley v. Whipple, 48 N. H. 487; Burt v. Railway, 18 N. W. 289; Bradner, Evi. 135-6; 25 Am. & Eng. Enc. Law 876, 883; State v. Gritzner, 36 S. W. 39; Drexel v. Trwe, 74 Fed. 12; Whilden v. Bank, 64 Ala. 1.

*Davis, Lyon & Gates*, and *A. B. Kittredge*, for respondents.

The same presumption of facts follows the delivery of a message to the telegraph company for transmission, when

properly addressed. as that which applies to the delivery of a letter to the postoffice. Oregon Steamship Co. v. Otis, 100 N. Y. 447; Eppinger v. Scott, 112 Cal. 369; 44 Pac. 723; 2 Am & Eng. Enc. Law 881.

The rule is settled that if a party addresses a letter to another at his place of residence, and receives by mail an answer purporting to come from the person so addressed, the fact that such an answer was so received makes a *prima facie* case in favor of the genuiness of the answer. Armstrong v. Advance Thresher Co., 5 S. D. 12, 57 N. W. 1137; 1 Whart. Ev. § 1328; Connecticut v. Bradish, 14 Mass. 296; Chaffee v. Taylor, 3 Allen 598. And this rule should be applied to the answer to a telegram.

FULLER, J. A breach of warranty as to the quality of certain binding twine, purchased by the defendant F. R. Wright from the plaintiff, was the only defense relied upon in this action to recover the amount of a promissory note given in settlement therefor, and this appeal, taken by plaintiff from judgments in favor of defendants, presents some questions pertaining to the law of evidence which, on account of their importance, require most careful consideration.

It appeared at the trial that respondent F. R. Wright, a resident of Rowena, S. D., gave to appellant, of 143-5 Monadnock Block, Chicago, Ill., an order for 15,000 pounds of binding twine, and soon afterwards sent from Sioux Falls a telegram, of which the following is a copy: "June 29th, 1895. To Western Twine Company, Chicago, Ill: Do not ship twine unless guarantied. Answer at Rowena. F. R. Wright." As a part of the transaction, the following was offered and received

in evidence: "Chicago, June 29th, 1895.  F. R. Wright, Rowena:  Twine guarantied work as well as any other under same conditions.  Western Twine Company."  Although the possession of the message as written by appellant was denied on notice to produce, and it was shown that the sender of the former message received this promptly from the telegraph operator at Rowena, and "that all telegrams either received or sent at or from Sioux Falls, or Chicago, more than six months prior to the date of the trial, had been destroyed," in compliance with a rule of the Western Union Telegraph Company, appellant's objection was that the same is "incompetent, immaterial and irrelevant, no foundation laid for the introduction of such evidence, the plaintiff not being connected therewith, or shown to have executed or authorized any such dispatch, and no proof of such dispatch ever having been transmitted from Chicago, or ever received at Rowena, S. D.  Hearsay in its nature."  When the message addressed to appellant was deposited in the office with the operator at Sioux Falls, all charges for transmission being prepaid, every inference that follows the posting of a letter with similar correctness, to be sent by United States mail attached, and, in the absence of anything to the contrary, the presumption is that the same reached its destination and was delivered in accordance with the obligation which the law imposes upon telegraph companies.  Perry v. Bank, (Neb.) 73 N. W. 538; Com. v. Jeffries, 7 Allen, 548; 2 Whart. Ev. par. 1323; Crosw. Electricity, par. 674.  In Steamship Co. v. Otis, 100 N. Y. 446, 3 N. E. 485, the court say:  "There is impressed upon the telegraph service something of a public character, and thrown around it the guard and the obligations of the public law, and it seems to us reasonable to assimilate the rules of

evidence founded upon transmission by mail to that of transmission by telegraph." As a rule, to which an exception is very rare, all letters and all telegrams with equal certainty reach their destination, and, the reasonable intendments with reference to each being identical, the same legal presumption may well be entertained as to both. If the telegram which purports to come from appellant be considered as a copy, the original of which has been destroyed, its admission was authorized under the elementary principle that, after the proper foundation has been laid, resort may be had always to secondary evidence, as the best within the power of the party to produce. Unquestioned, as it is, the presumption that the first message was transmitted to, and received by, appellant stands as ample proof of that fact, and, if the purported reply was not sent by some one having authority to enter into a contract on its behalf, the matter was peculiarly within its knowledge, and might easily have been shown. Unless forgery by some one or fraud upon the part of the telegraph company is to be presumed, the delivery of the message to respondent at Rowena by its operator is a proper circumstance, tending strongly to show that, on the very day respondent F. R. Wright sent his message to Chicago, appellant placed its reply thereto in transit over the wires. Scott & J. Tel. par. 380. Were a doctrine to prevail contrary to that which applies to a letter in the hands of its recipient, and which purports to be an answer to one he has written, and which was received by the party addressed, an agency by which the most important of human affairs are constantly transacted would be seriously impaired, and a distinction would be made to exist without a material difference.

This court has held that "a letter received by due course of mail from a party, in reply to a letter addressed to such

party, is presumptively genuine, and admissible in evidence, without further proof of the identity of the party purporting to write the reply." Armstrong v. Thresher Co., 5 S. D. 12, 57 N. W. 1131. In a case relied upon by appellant, the proper foundation for the introduction of secondary evidence not being laid, a telegram received in reply, purporting to be from a person apparently at a distant place, was rejected as evidence of such fact, on the ground that it was not original; and in passing upon the point the court say: "Telegraphic messages are instruments of evidence for various purposes, and are governed by the same general rules which are applied to other writings. If there be any difference, it results from the fact that messages are first written by the sender, and are again written by the operator at the other end of the line, thus causing the inquiry as to which is the original. The original message, whatever it may be, must be produced, it being the best evidence; and in case of its loss, or of inability to produce it from any other cause, the next best evidence the nature of the case will admit of must be furnished. If there was a copy of the message existing, it should be produced; if not, then the contents of the message should be shown by parol testimony." Howley v. Whipple, 48 N. H. 487.

There being in this instance sufficient preliminary proof as a foundation for the introduction of a copy, we treat the telegram under consideration as such, without determining whether it is the original, as maintained by counsel for respondent. In our opinion, all that took place between the parties pertaining to the warranty relied upon was shown by the best evidence that could, under the circumstances, be obtained, and we decline to follow courts that seem to take a different view.

No testimony being offered upon the point, it is urged by counsel for appellant that it was incumbent upon respondent to show a consideration for the alleged warranty; but as the telegrams constitute a contract in writing, which is presumptive evidence of a consideration, the burden was upon the party seeking to avoid it. Comp. Laws, §3538. The settled rule is that contracts required to be in writing may be made by telegram. Howley v. Whipple, *supra*; Trevor v. Wood, 36 N. Y. 307; State v. Holmes, 56 Iowa, 588, 9 N. W. 894.

Another position taken by appellant is that there is nothing to indicate that the twine was warranted to consumers, and consequently it was error to allow a farmer who had purchased some of it from respondent F. R. Wright, and had paid for same, to testify to the effect that he was delayed in the harvest by having to stop the machine frequently on account of the breaking of twine; that grain enough shelled out to seed the ground because so many of the bundles had to be rebound by hand, and that the twine was absolutely worthless. It clearly appears from the undisputed testimony of numerous witnesses, who had tried the twine, that it was of poor quality, varying from much too large in size to five or six strands, causing it to break frequently, and making it impossible to adjust the tension so that more than three fourths of the grain could be bound, and requiring frequent stops for the purpose of pulling snarled twine out of the machine and rethreading the needle. For the purpose of proving that the note in suit was without consideration, every witness sworn at the trial stated that the twine in settlement for which it was given was of no value, and, there being no claim for injury to farmers, the foregoing was admitted to properly show their source of knowledge, and the

means by which their final conclusion was reached. Nor does the fact that the twine purchased by the witness was fully paid for preclude a recovery to the full extent of the defects, without regard to the amount received from persons to whom sales had been made. In cases like the present, the actual difference between the real value of the property and what it would have been worth had it corresponded with the waranty is the proper amount to be recovered, although a part of it has been sold for cash, and no claim has been made by any of the purchasers on account of defects. Muller v. Eno, 14 N. Y. 597; Wheelock v. Berkeley, 138 Ill. 153, 27 N. E. 942. The difference between what the property would have been worth, if as warranted, and its actual value at the time to which the warranty refers, is the true measure of damages. Comp. Laws, § 4593. While it does not affirmatively appear that all the twine was disposed of, a quantity had been purchased by each of a large number of experienced farmers, all of whom testified that they had tried to use the same, which proved to be of no practical value, and the finding of the jury to that effect is abundantly sustained by the uncontroverted evidence.

The record discloses that F. R. Wright is the principal maker of the note, and that the two other respondents signed as sureties. The principal and sureties answered separately, and at the conclusion of the trial two general verdicts against appellant, one in favor of F. R. Wright, and one in favor of the sureties, were returned into court, and separate judgments were accordingly entered. Of this appellant complains, although no injury thereby is intimated. Since respondents might have been sued severally, the practice adopted by the court is allowable. Bank v. Smith (Minn.) 59 N. W. 311; 11 Enc. Pl. &

Prac. 857, and cases there collated. Moreover, "the court shall in every stage of action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Comp. Laws, § 4941. Considered as an irregularity, it must be disregarded, because appellant is not injured. Decker v. Trilling, 24 Wis. 610. For the reasons given in the foregoing opinion the judgments appealed from are affirmed.