GEORGE N. HAAS v. J. S. TOUGH *et al.*

No. 13,177. (72 Pac. 856.)

SYLLABUS BY THE COURT.

REPLEVIN—*Damages Too Remote.* In a replevin action for the recovery of ten horses, the cost of caring for and feeding fifteen other horses belonging to plaintiffs, in another town, during the time the ten were detained, cannot be recovered as damages, on the ground that the plaintiffs in the action intended to ship all of the horses to market in one car, and that all were necessary to make a car-load. Such damages are too remote and speculative.

Error from Jackson district court; MARSHALL GEPHART, judge. Opinion filed June 6, 1903. Reversed.

*John D. Myers*, for plaintiff in error.

*Hayden & Hayden*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action of replevin. One Goggerty was indebted to the receiver of the State Bank of Circleville. An action was brought on the claim, followed by a writ of attachment, under which plaintiff in error, who was sheriff, levied on ten horses claimed by defendants in error to have been purchased by them from Goggerty three days before they were seized on the attachment writ. The horses were de-

tained at Circleville by the sheriff for two or three days, when they were replevied from him in this action by defendants in error. They recovered judgment for the possession of the horses, together with damages for their detention in the sum of sixty-five dollars.

Circleville is a town about ten miles west of Holton, on a line of railway which runs through both towns eastwardly to Kansas City. The testimony showed that it was the intention of defendants in error to ship the ten horses which were attached in a car to Kansas City, and to fill out the car-load with fifteen other horses belonging to them which were at the time kept in Holton. The petition alleged, as a ground for special damages, that plaintiffs below —

"were also compelled to hold, at their own cost and expense, the other horses so bought by them and which they expected and intended to ship in car-load lots with the horses in question, and were compelled to and did pay out for feed bills and for the care and attention to the other horses so purchased to ship with the horses in question, . . . the sum of fifty dollars."

Defendant below objected to proof of this item of damages. The objection was overruled. The trial court instructed the jury that it was proper for them to consider as an element of damage the testimony showing that plaintiffs below had made arrangements to ship the horses attached from Circleville to Holton in a railroad-car; that after the car arrived at Holton it was to be filled with fifteen other horses, all to be shipped to Kansas City; and that by reason of the detention of the ten horses they were prevented from shipping the fifteen horses at the time, and put to the expense of caring for, keeping and handling said fifteen horses until they could by reasonable diligence make other arrangements for shipping them.

We are well convinced that the admission of the testimony referred to and giving the instruction based thereon was error. The claim of special damages was too remote, contingent, and speculative. The possibility that defendants in error might have desired or arranged to ship fifteen other horses to Kansas City with those in controversy could not have been anticipated by the sheriff when he made the seizure. Suppose the fifteen horses had, by reason of the delay in shipment, contracted a fatal disease and died; their value could not have been recovered from defendant below under any rule of the law of damages. (1 Sedg. Dam., 8th ed., § 138; *Palmer v. Meiners*, 17 Kan. 478; *Jameson v. Kent*, 42 Neb. 412.)

The motion to dismiss the proceedings in error must be denied. The extension of time to make a case for this court "to sixty days" we construe to mean the same as if the word "to" had been omitted.

As the receiver did not "appear at the trial and take part in the proceedings," it was not necessary that he be served with the case-made. (Gen. Stat. 1901, § 5020.)

The judgment of the court below will be reversed, and a new trial granted.

All the Justices concurring.