JONES v. BALSLEY & ROGERS *et al.*

No. 509.    Opinion Filed December 14, 1909.

(106 Pac. 830.)

1.    APPEAL AND ERROR—Necessary Parties—Service of Case-Made. An action brought by J. against B. & R., contractors, for material furnished in the construction of buildings on lots of B., C. & M. for judgment in a certain sum, and also to enforce a mechanic's lien for that amount upon said building and lots, B. & R. having defaulted after service, and judgment being rendered against them for the amount sued for, and in favor of B., C. & M. as to the lien, ·on appeal to this court by J. without making B. & R. parties thereto, held, that B. & R. could not be affected or their rights prejudiced thereby, and that they were unnecessary parties.

(a) It being unnecessary to join certain parties in a proceeding in error to this court, it is not essential that the case-made be served upon them.

2.    APPEAL AND ERROR — Settlement of Case-Made—Notice. Where it is unnecessary to join certain parties on appeal in a proceeding in error to the Supreme Court, it is not essential

that they have notice of the time and place of the presentation of the case-made for settlement.

3. **APPEAL AND ERROR—Service of Case-Made—Manner.** There being no mode of service of the case-made prescribed by statute, if the opposite party or his attorney of record actually receive such case-made within the given time, it is immaterial whether it be by mail, express, or otherwise, it being admitted that he actually received the same within such time.

4. **APPEAL AND ERROR—Settlement of Case-Made—Notice by Telegraph.** The law requiring a written notice to be given to the opposite party or his attorney of record of the time and place of the presentation of a case-made for settlement, and a message containing a proper notice and signed by the party, or another as his attorney, seeking to have the case-made settled, sent by telegraph and properly delivered in writing, is a sufficient notice.

(Syllabus by the Court.)

*Error from District Court, Johnston County; A. T. West, Judge.*

Action by James E. Jones against Balsley & Rogers and others. Judgment for defendants. Plaintiff brings error. Motion to dismiss overruled.

This action was instituted in the United States Court for the Southern District of the Indian Territory at Tishomingo, by James E. Jones v. E. S. Balsley and J. F. Rogers, doing business as Balsley & Rogers, contractors, and H. L. Muldrow, Jr., S. T. Bledsoe, and B. H. Colbert, owners, for the sum of $862.85, and to enforce a lien for material furnished and used in the construction of four buildings erected on lots 7, 8, 9, and 10 in block 99, in the town of Tishomingo. It was pending at the time of the organization of the state government upon the report of the master or referee and exceptions of the plaintiff thereto. On December 17, 1907, the exceptions being overruled, the. report was confirmed. On the same day, a motion for new trial being overruled, judgment was entered in favor of Muldrow, Bledsoe & Colbert on all the issues and in favor of the plaintiff against Balsley & Rogers on default. On the same day, 60 days' time was granted to prepare and serve a case-made. On or about February 13, 1908, counsel for plaintiff in error, over the tele-

phone, inquired of the attorneys for the defendants in error, Muldrow, Bledsoe & Colbert, if they would accept service of the case-made, and the reply was that they would. Thereupon the case-made on the 14th day of February, 1908, was mailed to S. T. Bledsoe, at Ardmore, Okla., one of the attorneys for said defendants in error, which was received by him on the 15th day of February, 1908, being retained by him several days when it was returned without any acceptance of service indorsed thereon, at the same time mailing to the attorneys for plaintiff certain objections and suggestions. Nothing further was done toward having the case-made settled until on or about October 20, 1908, when S. T. Bledsoe, attorney for said defendants in error, was notified by telegram at Guthrie, Okla., that the case-made would be presented to the trial judge at Coalgate on the morning of October 24, 1908, which telegram was received by Mr. Bledsoe on October 21, 1908, to which he replied by wire: "Can't be there on account of engagement. Notice too short and understand your time has expired." The case was presented to Judge West, the trial judge, on October 24, 1908, when affidavit of J. S. Arnote, showing service of case-made, and the telegram mentioned, were presented to the trial judge, whereupon he heard and determined the objections made by said defendants and signed and settled the case-made and ordered the same to be filed as required by law, the certificate not having been prepared at the time. It was later prepared, attached to the case-made and mailed to Judge West, at Ada, in his district, where, on October 26, 1908, it was then filed with the clerk of the district court of Johnston county, and later, in due time, filed in this court. The certificate of the trial judge recited "that the above and foregoing case-made had been duly served within the time allowed by the court and the amendments thereto duly suggested and the same duly submitted to me for settlement and signing, as provided by law, by the parties hereto," but the foregoing appear to be the undisputed facts.

*J. S. Arnote,* for plaintiff in error.

*Cottingham & Bledsoe,* for defendants in error.

WILLIAMS, J. (after stating the facts as above). The defendants in error, Muldrow, Bledsoe & Colbert, moved to dismiss this appeal on the following grounds: (1) The case-made was never served upon Balsley & Rogers; (2) the said Balsley & Rogers are necessary parties to the proceeding in error; (3) same was never legally served upon the defendants in error, Muldow, Bledsoe & Colbert; (4) no proper notice of the time and place of settlement of the case-made was served.

(1) If Balsley & Rogers were not necessary parties to the proceeding in error, it was not essential that the case-made be served upon them or that they have notice of the time and place of the presentation of the settlement of the same. In the case of *Atlantic Trust Co. et al. v. Prescott et al.*, 5 Kan. App. 172, 48 Pac. 926, the court said:

"On June 24, 1892, C. J. Prescott and Arthur Allen, partners as Prescott & Allen, filed their petition in the circuit court of Shawnee county against Hattie I. Dennis, J. H. Dennis, the Atlantic Trust Company, W. E. Swentzel, B. L. Vineyard, and C. T. Harvin to foreclose a mechanic's lien on property (described) in the city of Topeka, and to correct the statement filed for said lien on said property. To this petition the Atlantic Trust Company filed its answer, denying the validity of plaintiffs' lien, and setting up a mortgage in its favor on said property given by the Dennises, defendants, April 6, 1889, for $27,000, and asking that it be declared paramount and superior to plaintiffs' claim. To this answer the plaintiffs filed a general denial. The defendant W. E. Swentzel filed his answer to plaintiffs' petition, denying the validity of plaintiffs' lien, and setting up a first lien in his favor on said property for $7,699.73 by virtue of a judgment of the circuit court of the United States for the district of Kansas. To which plaintiffs filed a general denial. The cause came on for hearing February 1, 1893, the plaintiffs and the defendants, W. E. Swentzel and the Atlantic Trust Company appearing. The defendants Hattie I. Dennis, J. H. Dennis, B. L. Vineyard, and C. T. Harvin made default, although all were personally served. A jury was waived, and the cause tried by the court, the issues found for the plaintiffs, and the judgment rendered for said plaintiffs and against said Dennises, defendants, for $141.50, and interest at 6 per cent. from date, and costs. The property was ordered sold, if judgment be not paid within

30 days, and proceeds applied—first, to the payment of the costs; second, to the payment of plaintiffs' judgment and interest, and to the defendant W. E. Swentzel $7,699.73 and interest, with equal priorities; third, to the defendant the Atlantic Trust Company, $27,000, with interest; fourth, that the balance be brought into court to abide its further order. To the rendition of which judgment and decree in favor of said plaintiffs' defendants Swentzel and the Atlantic Trust Company excepted. Motion for a new trial was duly made and overruled, and the case brought here, on a petition in error attached to a case-made, for review. The first question for our decision is the motion of the defendants in error to dismiss the petition in error for the reason that the defendants in the court below, Hattie I. Dennis, James H. Dennis, B. L. Vineyard, and C. T. Harvin, have not been brought into this court. This is not merely a question of the marshaling of liens. The issue raised is, have the defendants in error any lien upon the property in question? If they have a lien for the amount claimed. it is undoubtedly superior to the lien of the plaintiffs in error. In *Paper Co. v. Hentig,* 31 Kan. 322, 1 Pac. 533, the court says: 'In no case should a judgment be interfered with by the Supreme Court where one of the parties to the judgment is not a party in the Supreme Court.' In *Central Kansas Loan & Inv. Co. v. Chicago Lumber Co.,* 53 Kan. 677, 37 Pac. 132, it was held that, where 'it appears that a modification or reversal will affect a defendant who has not been made a party, the proceedings in error will be dismissed.' In that case the plaintiff in error claimed that not only was its lien prior to the lien of the defendant in error, but that the amount allowed the defendant in error against the owner of the land, who was not brought into the reviewing court, was too large, and the case was dismissed for defect of parties. That case is very much like the case at bar, the main difference being that in that case the omitted defendant contested in the court below, which was not done by the Dennises. But we do not think this is material. The motion to dismiss the petition in error for defect of parties is sustained."

In the case of *Hallwood Cash Register Co. v. Dailey,* 70 Kan. 620, 79 Pac. 158, the court said:

"Counsel for defendant in error ask for a dismissal of the petition in error because Schroeder was not made a party nor was the case-made served on him.. He 'did not appear at the trial and take part in the proceedings,' for which reason, under

section 5020, General Statutes of 1901, he was not a necessary party. *Haas v. Tough,* 67 Kan. 253, 255, 72 Pac. 856."

In the *Haas Case* in 67 Kan. and 72 Pac., the court likewise predicates its ruling on section 5020, Gen. St. 1901. By reference to said section (Gen. St. Kan. 1901, § 5020, p. 1029), we find that on the 22d day of March, 1901, the Legislature of that state provided:

"It shall not be necessary for the party desiring to have any judgment or order of the district court, or other court of record, other than the probate court, to serve the case-made for such court, on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the district court, nor shall it be necessary to make any such person a party to the petition in error: Provided, that any person so omitted from the proceedings in error, who was a party to the action in the district court, may be made a party plaintiff or defendant in the action in the Supreme Court upon such terms as the court may direct upon its appearing that he might be affected by the reversal of the judgment or order from which the appeal was taken, with the right to be heard therein the same as other parties."

The case of *Atlantic Trust Co. et al. v. Prescott et al, supra,* was decided by the Kansas Court of Appeals on April 30, 1897. It is reasonable to presume that the act of March 22, 1901, was passed in view of that decision.

In the case of *Gillette & Libby et al. v. Murphy, Carroll & Brough et al.,* 7 Okla. 91, 99, 54 Pac. 413, 415, on reading paragraph 1 of the syllabus, on first impression it may seem that the Supreme Court of the Territory of Oklahoma expressly decided that where a party permitted judgment to go against him by default, that on that ground he was not a necessary party on appeal in the Supreme Court. When the syllabus is read as an entirety, and also in the light of the body of the opinion, such seems not to have been the holding of the court, but to have depended upon the question as to whether or not such defaulted parties could be affected by the result of the appeal. The court said:

"In the suit between the county and Jackson, Jackson re-

covered a judgment for $588.16. The board never appealed from that judgment, and it has long since become final, and the board, having failed to appeal from that judgment, can never change its liability thereon. The board of county commissioners was made a party in the present suit, but did not answer or appear at the trial. It defaulted in that suit, evidently because it had no interests that could be affected by any judgment which might be rendered in such action. This suit was an action over the judgment rendered against the board of county commissioners, and in favor of Jackson. Gillette & Libby were claiming all of said judgment by virtue of an assignment, and by their attorney's lien, while the plaintiffs and the other defendants were claiming a part of the judgment under their respective assignments of the claims against the county, which claims were included in said judgment. The board of county commissioners owes the judgment, and is only interested in seeing that it is not compelled to pay the judgment twice; and this, we think, it cannot be required to do under the circumstances in this case. It can go into court at any time, and pay the judgment standing against it, and take the clerk's receipt for the same, which would forever settle its liability. Neither of the parties to this action could thereafter cause such board any trouble. The board is simply a trustee, holding the fund for the party or parties whom the court may determine to be entitled to it. The court could at any time require it to pay the money or warrants therefor into court. It is immaterial to the board who it owes. Its liability is in the form of a judgment, and collection could be enforced at any time. A party is not a necessary party when he has no interests that can be affected in the suit, or does not stand as the representative of some other party who has some interest in the matter in controversy. We think the board of county commissioners is not a necessary party to the appeal in this case and so hold."

It is clear that the decision in that case was not predicated upon the ground that the board of county commissioners defaulted, but that it could in no event be affected by the result of the appeal. It is insisted, however, that Balsley & Rogers could not be affected by the result of the appeal. In the lower court, judgment was rendered in favor of the plaintiffs in error. If this cause be reversed in this court and remanded for a new trial, and, on retrial, judgment should be rendered against the defendants in error enforcing a lien on their property for the

amount of the judgment, how could that affect Balsley & Rogers? They have no interest so far as this record discloses in the lots or buildings on which the lien is sought to be enforced. In the Kansas Court of Appeals Case, *supra,* the defaulting defendants were the owners of the land which was being subjected to the different liens. Can Balsley & Rogers be prejudiced by a lien on the property of the other defendants in any way? We think not. See, also, *Megin v. Filor et al.,* 4 Fla. 203.

(2) The disposition of proposition one applies equally to proposition two.

(3) It seems to be admitted that the case-made as prepared by the plaintiff in error was mailed and received by the attorney of the defendants in error, Muldrow, Bledsoe & Colbert, within due time. The statute does not .prescribe how the same shall be served, and in the absence of such statutory regulation, when it is received by the proper party within due time, the same will be treated as having been properly served.

(4) It is uncontroverted that the notice of the time and place of serving the case-made was served by telegram, and it is insisted in this court that such was not a proper service, there being no contention that the time was not sufficient. This question appears to have been passed on in the case of *Western Union Telegraph Co. v. Bailey,* 115 Ga. 725, 42 S. E. 89, 61 L. R. A. 933. In that case, the late Chief Justice Simmons, in delivering the opinion of the court, said:

"The Civil Code [1895] § 4644, requires that 'the plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable.' Is a telegram such 'written notice,' as would be effectual? It will be observed that the section does not require the notice to be served by any particular or designated person. It merely declares that the plaintiff in certiorari shall cause written notice to be given. The object of the notice is to give the opposite party timely information that the judge has sanctioned the writ, and that it will be heard at a certain time and place. The object of requiring it to be in writing is to prevent, as far as

possible, all disputes as to the correctness and sufficiency of the notice and as to whether it was given. When the opposite party has received a notice in writing which contains the information prescribed, the object of the statute is accomplished, and there has been, in our opinion, a sufficient compliance with the law. Why, then, cannot the notice be delivered by any person authorized by the plaintiff in certiorari? Were he to write the notice himself and send it by another, it would clearly be sufficient. So, if his attorney were to write it and have it delivered by a messenger. If the attorney authorized his clerk to write and deliver the notice and the clerk did so, that would clearly be sufficient. Why then can the attorney not employ the telegraph company as his agent, and why, if it sends the message as written by the attorney and delivers to the opposite party a written transcript of it, would this not be a sufficient compliance with the law? We think that it is. It is true the notice actually written by the attorney is not delivered, but the same words are sent in symbols and signals, and are transcribed in writing at the office where received, and the written transcript delivered to the opposite party. The paper delivered contains the same words and is in writing. It affords to the opposite party all the information that could have been given by a delivery of the original. This mode of service of the notice is not the usual one, but the telegraph and the telephone are used daily in all business transactions and have been frequently recognized by the courts. Had Bailey telephoned to a friend living near the party to be served, and asked that friend to. write the notice as dictated over the telephone and deliver the writing to the party to be served, a compliance with this request would have been as effectual as though Bailey had delivered the notice himself. The case does not seem different when, by his contract with -the 'telegraph company, he authorized the company's agent in the receiving office to deliver a written transcript of the words which are transmitted over the wire. The statute requires that the notice shall be in writing, but not that it shall be written or signed by the party or his attorney. A writing by an employee of the company is just as good. The telegraph is used very commonly now to make contracts, and such contracts are uniformly upheld by the courts. It has been held that a contract so made is in writing within the meaning of the statute of frauds. Croswell, Electricity, § 690; Joyce, Elec. Law, § 901. For these reasons we hold that if Bailey's tele-

gram had been sent properly and delivered in time, it would have been sufficient notice of the certiorari."

See, also, *State v. Holmes*, 56 Iowa, 588, 9 N. W. 894, 41 Am. Rep. 121; *Cape May & S. L. R. Co. v. Johnon*, 35 N. J. Eq. 422; *Ex parte Langley*, L. R. 13 Ch. Div. 110, 49 L. J. Bankr. (N .S.) 1, 41 L. T. N. S. 388, 28 Wkly. R. 174; *In re Bryant*, L. R. 4 Ch. Div. 98, 35 L. T. N. S. 489, 25 Wkly. R. 230; *Heywood v. Wait*, 18 Wkly. R. 205; *Kaufman v. Wilson*, 29 Ind. 504; *Cabell v. Arnold*, 86 Tex. 102, 23 S. W. 645, 22 L. R. A. 87; *McElveen Commission Co. v. Jackson*, 94 Ga. 549, 20 S. E. 428.

The question as to the controlling effect of the certificate of the trial judge is not here considered, but nothing in this opinion is to be construed as any intimation that the same is not controlling as to everything certified to.

It follows that the motion to dismiss the appeal should be overruled.

All the Justices concur.