## DE BOLT v. FARMERS' EXCHANGE BANK *et al.*

No. 4260. Opinion Filed May 4, 1915.

(149 Pac. 830.)

1. APPEAL AND ERROR—Case-Made—Indorsement—Sufficiency.

De Bolt v. Farmers' Exchange Bank et al.

A sheet of paper between the petition in error and the transcript of the proceedings, indorsed as follows:. Filed July 13, 1912. R. E. Bagby, Clerk District Court of Noble Co., Okla. by Lillian Johnson, Deputy"—is substantial compliance with sections 6072 and 6074, Comp. Laws 1909, showing the case-made was "filed in the court below." For convenience the paper showing the filing mark should have had a page designation, but, failure to so arrange is, not grounds for dismissal.

2. **APPEAL AND ERROR—Case-Made—Sufficiency.** Where there appears as an integral part of the case-made a notation that the cause duly came on for trial, appearances of the parties, etc., concludes "the following proceedings" are had and done, to-wit, followed by the usual procedure such as the evidence, objections of attorneys, rulings of the court, argument of counsel, judgment, motion for new trial, etc., orderly arranged, **held** sufficient as substantially showing that the case-made contains all the evidence, findings, and proceedings upon which judgment was rendered.

2. **APPEAL AND ERROR—Parties—Dismissal—"Necessary Parties."** Necessary parties: (1) All persons who are parties to the proceedings in the trial court and whose interest will not be adversely affected by a reversal of the judgment need not be brought into the appellate proceedings. (2) If the interests of those who are brought into the appellate proceedings as parties will not be injuriously affected by a reversal or modification of the judgment complained of without a reopening of the case as to the other. parties as to whose interest the judgment has become final by the failure to appeal, the appeal will not be dismissed.

(Syllabus by Watts, C.)

*Error from District Court, Noble County;*

*W. M. Bowles, Judge.*

Action by A. M. De Bolt aginst the Farmers' Exchange Bank and others. Judgment for defendants, and plaintiff brings error, and defendants move to dismiss. Motion denied.

This is an action from the district court of Noble county, No. 564, wherein the plaintiff in error, A. M. De Bolt, was plaintiff in the lower court, against the Farmers' Exchange Bank, Pioneer Construction Company, Coffeyville Vitrified Brick & Tile Company, J. C. Hale, Houliston Coal & Material Company, Chas. A. Fraser, Foster Lumber Company, Rankin Bros., Red Rock Lodge

No. 308, A. F. & A. M., and Red Rock Lodge No. 220, I. O.
O. F., are defendants in error, and were defendants below. The
case just mentioned was consolidated with No. 592, entitled
Foster Lumber Co. v. Construction Co.; the bank and the two
lodges above named as defendants. The plaintiff, De Bolt,
alleged in his petition that he was engaged in the lumber busi-
ness in the city of Oklahoma; that under contract he furnished
the Pioneer Construction Company material which was used in
the construction and erection of a two-story building, sidewalk,
and other improvements, as shown by an itemized statement
attached to the petition; that there is due plaintiff $227.98, and
interest; that plaintiff filed his lien as required by law, and
served copies of his lien statement upon the bank in lawful
time; that the brick and tile company, Hale, Houliston Coal &
Material Company, Fraser, Foster Lumber Company, and Rankin
Bros. claim some right, title, and interest in and to the property,
but whatever right defendants may have is equal, and not superior,
to that of the plaintiff's; that the two lodges claim some right,
title, and interest in the property, but whatever interest they may
have is inferior and subject to the rights and interest of the
plaintiff—praying that he have judgment, that his lien be de-
clared good and sufficient, that the property be sold to satisfy his
lien, and the balance of the proceeds be brought into court, to
abide the order of the court, and further praying for general and
equitable relief.

Defendants Pioneer Construction Company and Houliston
Coal & Material Company defaulted. Rankin Bros. filed dis-
claimer. The Coffeyville Brick & Tile Company filed an answer,
admitting the allegations of the plaintiff's petition, except certain
allegations are denied or modified, and allege that under con-
tract they furnished to the Pioneer Construction Company brick
and material amounting to $365.25, which was used in the erec-
tion and construction of the building; that the bank was the
owner of the building, and in proper time plaintiff filed a
materialman's lien, as required by law, and also served a copy

of the same upon the bank; that the other defendants claimed some interest in the property, but that the plaintiff's interest and the interests of the brick company were equal and superior to any right, title, or interest of the bank and the two lodges— praying for judgment for the amount of its claim, for foreclosure of the lien, and the property be sold to satisfy its claim, and for further general relief.

Defendants Hale, Fraser, and Foster Lumber Company filed their respective answers, setting up claims for material furnished under contract with and to the construction company, alleging a compliance with the law in filing their liens, and praying judgment enforcing same. The bank and lodges filed joint answer denying the general allegations of plaintiff's petition and codefedant's answer and cross-petition. The case was submitted to the court without the intervention of a jury, and personal judgments were rendered for De Bolt, the brick company, and Hale against the construction company, and against the bank and lodges enforcing their liens. Motions for new trials were filed by De Bolt, the brick company, and Hale, and overruled as to De Belt and the brick company, and granted as to Hale. Plaintiff, De Bolt, appeals.

Defendants in error Farmers' Exchange National Bank, Red Rock Lodge No. 308, A. F. & A. M., and Red Rock Lodge No. 220, I. O. O. F., move for a dismissal, because: First, "it does not appear from the record that the case-made was filed in the trial court"; second, "that the case-made does not recite that it contains a true and correct copy of all the pleadings, motions, orders, evidence, findings, and proceedings upon which judgment was rendered, or either of them"; third, "all the parties to the case in the trial court against whom the judgment was rendered are not parties on appeal, and were not served with the case-made, and were not srved with notice of the signing and settling of the case-made, and did not waive the same."

The usual stipulation agreeing that the case-made contained

all the evidence, etc., was not signed by the attorneys for the bank and lodges, which, if it had been, was held sufficient under the facts in *Northcutt v. Bastable*, 39 Okla. 124, 134 Pac. 423.

*L. L. Cowley* and *Wright & Blinn,* for plaintiff in error.

*R. A. Johnson,* for defendants in error.

WATTS, C. (after stating the facts as above). 1. Upon the first proposition we find between the petition in error and the transcript of the proceedings in the lower court the following:

"Filed July 13, 1912, R. E. Bagby, Clerk District Court of Noble Co., Okla., by Lillian Johnson, Deputy."

We have not been cited any authority, nor do we see why this is not a substantial compliance with Comp. Laws 1909, which provides:

"Sec. 6072. Filing Case-Made—Costs.—That in all actions hereafter instituted by petition in error in the Supreme Court the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court. *  *  *

"Sec. 6074. Appeal on Case-Made.—The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be submitted to the judge who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. A certified copy thereof shall be filed with the petition in error. The exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken."

Counsel for movant complains that, because the paper on which the filing appears is not marked as a page, it is not sufficient. For convenience it should have had some such designation, but failure to so arrange is not grounds for dismissal. In

*Tucker et al. v. Thraves,* 145 Pac. 784, nor yet reported in Oklahoma Reports, it is held:

"That under the law the depositing with the clerk for the purpose of filing constitutes a valid filing."

2. The second proposition is not well taken. Page 92, case-made, contains the following:

"And thereafter, and upon the 6th day of February, A. D. 1912, the same being one of the juridical days of the February, 1912, term of said court, these consolidated causes came duly on for trial, and the proceedings therein are fully set out and shown in the reporter's transcript thereof, which is herein set out, made a part of this case-made, and is, in words and figures, as follows, to wit."

Also page 94, after noting the cause duly coming on for trial, appearance of the parties, concludes, "The following proceedings are had and done, to wit," followed by the usual procedure, such as the evidence, objections by attorneys, ruling by the court, judgment, motion for new trial, etc. The word "proceedings," as above used, has received a construction by the Supreme Court of Kansas (*John Deere Plow Co. v. Jones et al.* [Kan.] 75 Pac. 1039) as follows:

"But defendants in error contend that the case-made does not show that it contains all the pleadings and evidence. Its recital is that it contains all the 'proceedings.' This term as thus used, includes the evidence. *Lindsay v. Com'rs of Kearney County,* 56 Kan. 630, 44 Pac. 603."

In *Uhe v. Chicago, M. & St. P. Ry. Co.,* 3 S. D. 563, 54 N. W. 601, we find:

"The word 'proceedings' has acquired a peculiar and appropriate meaning in law. To ascertain what that meaning is we must look to the standard law dictionaries and reported cases. Judge Gardiner, in the case of *Morewood v. Hollister,* 6 N. Y. 319, said that 'the term "proceedings," in its more general sense in law, means all the steps or measures adopted in the prosecuting or defense of an action.' This definition was adopted by the judge

delivering the opinion in the case of *Gordon v. State,* 4 Kan. 501. It may mean more than the record history of a case. It is undoubtedly sometimes used in the restrictive sense. In its ordinary acceptation, the word, when unqualified except by the subject to which it applies, includes the whole of the subject. Thus the proceedings of a suit embrace all matters that occur in its progress judicially, proceedings upon a trial, all that occurs in that part of the litigation. *Morewood v. Hollister, supra.* The definition given by Bouvier (volume 2, p. 340) is the steps or measures taken in the course of an action, including all that are taken. The proceedings in a suit embrace all matters that occur in its progress judicially."

In *Loeb v. Loeb,* 24 Okla. 389, 103 Pac. 570, Judge Dunn said:

"The Supreme Court of the state of Kansas, in the case of *Atchison, T. & S. F. Ry. Co. v. Brassfield,* 51 Kan. 167, 32 Pac. 814, says: 'The charge of the court is a "proceeding" in a cause, and, where there is a statement in a case-made that it contains all of the proceedings in the cause, it will be held that all of the instructions are embodied therein.'"

In this connection it seems to us that, as the Supreme Court of this state has repeatedly stated the necessary requisites in order to bring up the evidence for review, attorneys ought to prepare their case-made within the letter, and not get so close to the feather edge.

3. The third proposition is: Are all the parties in this court the same as in the lower court? No; nor are they necessary parties. The parties not before the court are the Pioneer Construction Company, J. C. Hale, Houliston Coal & Material Company, and Rankin Bros. Of those just named all except Hale defaulted, and we think it is well settled that in a case of this nature they are not necessary parties. Hale was given personal judgment against defendant Pioneer Construction Company, and was denied lien on the property of the bank and lodges, but was granted a new trial. His status under the facts is in no way injurious to any of the parties before, or not before, the court.

In *Seibert v. First Nat. Bank of Okeene,* 25 Okla. 778, 779, 108 Pac. 628, Judge Kane says:

"The * * * rules for determining this question" seem to be well settled by this court as follows: "(1) All persons who are parties to the proceedings in the trial court, and whose interest will be adversely affected by a reversal of the judgment must be brought into the appellate proceeding. (2) If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interest the judgment has become final by the failure to appeal, the appeal will be dismissed." *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642; *Gillette v. Murphy,* 7 Okla. 91, 54 Pac. 413; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Board of Commissioners v. Lemley,* 23 Okla. 306, 101 Pac. 109; *Continental Gin Co. v. Huff,* 25 Okla. 798, 108 Pac. 369.

Applying the rule under the facts in this case, Hale is not a necessary party in this court. In *Jones v. Balsey & Rogers et al.,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921, a case very similar to the one at bar, the syllabus is as follows:

"(1) Appeal and Error—Necessary Parties—Service of Case-Made. An action brought by J. against B. & R., contractors, for material furnished in the construction of buildings on lots of B., C. & M. for judgment in a certain sum, and also to enforce a mechanic's lien for that amount upon said building and lots, B. & R. having defaulted after service, and judgment being rendered against them for the amount sued for, and in favor of B., C. & M. as to the lien, on appeal to this court by J. without making B. & R. parties thereto, *held,* that B. & R. could not be affected or their rights prejudiced thereby, and that they were unnecessary parties."

At page 350 of 25 Okla., at page 833 of 106 Pac. [138 Am. St. Rep. 921], Judge Williams says:

"If this cause be reversed in this court and remanded for a new trial, and, on retrial, judgment should be rendered against the defendants in error enforcing a lien on their property for the amount of the judgment, how could that affect Balsey &

Rogers? They have no interest so far as this record discloses in the lots or buildings on which the lien is sought to be enforced. * * * Can Balsey & Rogers be prejudiced by a lien on the property of the other defendants in any way? We think not. See, also, *Megin v. Filor et al.*, 4 Fla. 203."

See, also, *Atlantic Trust Co. et al. v. Prescott et al.*, 5 Kan. App. 172, 48 Pac. 926; *Hallwood Cash Register Co. v. Dailey*, 70 Kan. 620, 79 Pac. 158; *Hass v. Tough*, 67 Kan. 253-255, 72 Pac. 856.

It follows, then, that if those not before the court are not necessary parties, it was unnecessary to serve them with the case-made and with notice of the signing and settling of the same, and likewise unnecessary to get their waiver. The motion to dismiss is therefore denied.

By the Court: It is so ordered.