**WATKOCHE et al. v. SCHULTZ et al.**

No. 8348—Opinion Filed Dec. 19, 1916.

. (161 Pac. 1173.)

(Syllabus by the Court.)

**Appeal and Error—Parties—Necessary Parties—Dismissal.**

Where, in an action to quiet title to real estate, certain defendants file disclaimers and judgment is rendered in favor of plaintiff against the remaining defendants, who bring proceedings in error to reverse said judgment and join with plaintiff as defendants in error those defendants who file disclaimers in the trial court, and where defendants in error who filed disclaimers waive the issuance and service of summons in error, but no summons in error is issued and served upon plaintiff within the time prescribed by law, held, that defendants in error who filed disclaimers were not necessary parties to the proceeding in this court, and the cause should be dismissed.

Error from District Court, Okfuskee County; George C. Crump, Judge.

Suit by Lucineal Schultz against Watkoche and others and R. B. Selvidge. Judgment for plaintiff, and defendants bring error. On motion to dismiss. Motion granted.

Bell & Fellows, for plaintiffs in error.

Carroll & Mason, for defendants in error.

HARDY, J. Defendant in error Lucineal Schultz brought suit in the district court of Okfuskee county against plaintiffs in error and defendants in error Selvidge, Owens, Gayer, and Caldwell, to clear her title to certain lands situated in said county. Thereupon defendants in error above named filed

disclaimers, and plaintiffs in error filed answers and cross-petitions. Upon trial, judgment was for plaintiff decreeing to her the fee-simple title to said lands and cancelling and removing as a cloud upon her title the conveyances by which plaintiffs in error held, and they bring the case here.

Motion for a new trial was overruled December 1, 1915. Petition in error with case-made attached was filed in this court on May 26, 1916, and summons in error issued upon that date, which was never served and returned. On July 31, 1916, alias summons in error was issued and served on said defendant in error Schultz on August 4, 1916, and she files motion to dismiss this proceeding because summons in error was not issued and served upon her within the time allowed by law for such service.

Service of summons in error was not had within the time prescribed, but it is urged that the cause was commenced by filing in this court a petition in error with case-made attached and a waiver of service of summons in error by all the defendants in error except Schultz, and that the action was then pending as to Schultz and the time for such service thereby extended, because said defendants in error are so united in interest with defendant in error Schultz as to bring the case within the meaning of section 4659, Rev. Laws 1910. That portion of the section applicable here is as follows:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant. who is a joint contractor or otherwise united in interest with him."

Schultz was plaintiff below and had no unity of interest with any of said defendants in error in the subject-matter of this litigation, but on the contrary was seeking to have her title quieted as against any interest which they might have had. They disclaimed any such interest, and therefore could not be in any wise affected by a reversal of the judgment rendered against plaintiffs in error. De Bolt v. Farmers' Ex. Bank, 46 Okla. 258, 148 Pac. 830; Seibert v. Bank, 25 Okla. 778, 108 Pac. 628; Love v. Cavett, 26 Okla. 179, 109 Pac. 553; Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; Charvoz v. New State Bank, 54 Okla. 255, 153 Pac. 849; Gen. Elec. Co. v. Sapulpa & I. R. Co., 49 Okla. 376, 153 Pac. 189.

The motion to dismiss is therefore sustained and the cause dismissed.

All the Justices concur.