## RALLS et al. v. CAYLOR LUMBER CO.

No. 8426—Opinion Filed Jan. 9, 1917.

Rehearing Denied Feb. 12, 1918.

(162 Pac. 711.)

(Syllabus.)

**Appeal and Error — Review — Parties.**

In an action brought by a subcontractor to recover a personal judgment for building materials furnished a contractor, and to enforce a materialman's lien for the amount due and unpaid upon the lands, buildings, and appurtenances of the owners, personal judgment was rendered in favor of the subcontractor against the contractor, and a lien adjudged and ordered foreclosed upon the premises. From the judgment the owners prosecuted error without making the contractor a party to the proceedings for review. Held, for the reasons stated in the opinion, that it is unnecessary, to the owner's right of review, that the contractor be made a party to the proceedings in error.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by the Caylor Lumber Company, a partnership consisting of Floyd Caylor and R. A. Caylor, against Eva A. Ralls, Joseph G. Ralls, and E. W. Steward. Judgment for the plaintiff, and defendants Eva A. Ralls and Joseph G. Ralls bring error. Motion to dismiss overruled.

J. G. Ralls, for plaintiffs in error.

A. A. McDonald and A. M. Works, for defendant in error.

SHARP, C. J. In October, 1914, in the district court of Atoka county, the Caylor Lumber Company brought an action to recover a personal judgment of E. W. Steward for the amount of a bill of lumber sold him, and the foreclosure of a materialman's lien upon certain real estate of Eva A. Ralls and Joseph G. Ralls. Trial being had before a jury, the following verdict was returned in favor of the lumber company:

"We, the jury do on our oaths find for the plaintiff Caylor Lumber Company, and against the defendant E. W. Steward in the sum of $1,183.55 and further find a lien in favor of the plaintiff Caylor Lumber Company, and against the defendants Eva A. Ralls and Joseph G. Ralls in and to lot 3, block 26, in the city of Atoka, Atoka county, state of Oklahoma, according to the official plat and survey."

Thereupon the court made and entered its judgment, the pertinent parts being as follows:

"It is therefore considered, ordered, and adjudged by the court that the plaintiff Caylor Lumber Company, a partnership consisting of R. A. Caylor and Floyd Caylor, do have and recover of and from the defendant E. W. Steward the sum and amount of $1,183.55, and all its costs in this behalf expended; said principal sum of $1,183.55 to bear interest from this 23d day of November, 1915, at the rate of 6 per cent. per annum, and for all of which execution may issue. It is further considered and adjudged by the court that said judgment in the sum and amount of $1,183.55, with interest as aforesaid, is a first and valid lien against the property of the defendants Eva A. Ralls and Joseph G. Ralls, said property being described as follows, to wit [description]."

Motion for a new trial was filed by the defendants Eva A. Ralls and Joseph G. Ralls, and, being overruled, they bring the case to this court for a review of the judgment rendered against them. No motion for a new trial or proceedings in error were filed or prosecuted by the defendant Steward.

The defendant in error has filed a motion to dismiss the appeal because Steward was not made a party to the proceedings in error. It is not contended that the judgment against the defendants was a joint judgment, the sole proposition urged in support of the motion to dismiss being that the defendant Steward would be adversely affected by a reversal of the cause, and therefore, under the decisions of this court, he is a necessary party to the appeal. Clearly he is not. In Jones v. Balsley & Rogers, 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921, a very similar state of facts was before the court for consideration. There the action was to recover the price of material furnished by Jones to Balsley & Rogers, contractors, which material was used in the construction of a building on the property of Muldrow, Bledsoe, and Colbert, and also to have a lien declared and enforced upon the property of the latter. Judgment was rendered in favor of the owners or proprietors on the issues joined, and a default judgment taken in favor of the plaintiff and against Balsley & Rogers. Jones appealed from the judgment, but the case-made was not served on

Balsley & Rogers, for which reason, among others, a motion to dismiss was filed by the defendants in error. In determining whether Balsley & Rogers were necessary parties to the appeal, upon whom service of the case-made ought to have been had, the court considered whether or not they would be prejudicially affected by a reversal of the judgment, and in the opinion holding that they would not, said:

"If this cause be reversed in this court and remanded for a new trial, and, on retrial, judgment should be rendered against the defendants in error enforcing a lien on their property for the amount of the judgment, how could that affect Balsley & Rogers? They have no interest so far as this record discloses in the lots or buildings on which the lien is sought to be enforced. * * * Can Balsley & Rogers be prejudiced by a lien on the property of the other defendants in any way? We think not."

The judgment in the above case was in personam as to Balsley & Rogers. It could only have become a judgment in rem as to Muldrow, Bledsoe, and Colbert in the event of a reversal and a new trial in the court below. It was held that the interest of the former was several from that of the latter parties, and that the appeal could be maintained without making the former (the contractors) parties thereto. Likewise, in the present case, the appeal can be maintained without making the contractor a party, if we are to adhere to the opinion in the above case. Steward had no interest in the property of the Rallses, and by failing to appeal from the judgment against him, in effect declared that he was satisfied therewith, and recognized his liability to the plaintiff company. That the judgment of the trial court may be reversed, and thereby release the property of the plaintiffs in error from the lien of the judgment, does not change Steward's responsibility under the judgment. If the plaintiffs in error, in order to satisfy the judgment, pay it, or their property is sold for that purpose, they may recover from Steward whatever amount they are forced to pay over and above the contract price of the building. If Steward pays the judgment rendered against him, and is entitled to a balance from the plaintiffs in error on the contract price. There would appear to be nothing in the judgment, or in its reversal, that will impair his rights or prevent a recovery thereon.

In Seibert v. First Nat. Bank of Okeene, 25 Okla. 778, 108 Pac. 628, it is said that

the rules for determining who are necessary parties in this court are well settled as follows: (1) All persons who are parties to the proceedings in the trial court, and whose interest will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings; (2) if the interest of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to the other parties, as to whose interest the judgment has become final by the failure to appeal, the appeal will be dismissed. The rule in the foregoing opinions is followed in the case of De Bolt v. Farmers' Exchange Bank et al., 46 Okla. 258, 148 Pac. 830.

There is abundant authority in other jurisdictions for the rule announced in the foregoing opinions of this court, a few of which may be referred to. In Germain v. Mason et al., 12 Wall. 259, 20 L. Ed. 392, the appeal was from a judgment in an action wherein the plaintiff sought to recover from Germain a balance due for work and materials used in building a house, and to enforce a mechanic's lien for the debt; and also against several other defendants, claiming liens on the property, to determine their priority. Judgment in personam was rendered against Germain, with a further order that if it could not otherwise be made out of him, the real estate on which the lien was claimed should be sold, and the debt of plaintiffs was declared to be paramount to that of the other lien creditors. Such other lien claimants were not made parties on appeal, and on motion to dismiss it was held that, as the judgment against Germain was in personam, in which the other defendants had no interest, he had a right to prosecute error without joining them. Other opinions bearing upon the question at hand are: Hubbard v. Burnet-Lewis Lbr. Co., 51 Ind. App. 97, 98 N. E. 1011; Jacksonville, M. & P. R. & N. Co. et al. v. Broughton et al., 38 Fla. 139, 20 South. 829; Gray v. Havemeyer et al., 53 Fed. 174, 3 C. C. A. 497; Louisville, N. A. & C. Ry. Co. et al. v. Pope, 74 Fed. 1, 20 C. C. A. 253.

We conclude, therefore, that the contractor Steward, against whom a personal judgment was rendered, is not a necessary party to the appeal of the owners of the premises, and that the motion to dismiss should be, and is, overruled.

All the Justices concur.