SMITH v. CURREATHER'S MERCANTILE CO. et al.

No. 8084.—Opinion Filed June 24, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Parties on Appeal.**

In an appeal to the Supreme Court from a determination of a district or a county court, persons not affected by or interested in the result need not be made parties.

**2. Same—Mortgage Foreclosure.**

In an action by S. to foreclose a chattel mortgage given by H. and H. and to secure possession of the personal property described therein, the defendant mortgagors defaulted, whereupon C., who secured a mortgage from H. and H. upon the same property after the petition of S. had been filed, intervened, whereupon the cause proceeded between S. and C. for the sole purpose of determining their rights under their respective mortgages, final judgment being rendered in favor of C., whereupon S. appealed without making H. and H. parties. Held, that H. and H. were not necessary parties on appeal.

**3. Chattel Mortgages—Lis Pendens—Interest Acquired After Petition to Foreclose.**

On the merits it appeared that S. failed to refile his chattel mortgage within three years from its original recordation, as required by section 4035, Rev. Laws 1910, and that thereafter, and after the filing of the petition herein, C. secured a chattel mortgage upon the same personal property. S. concedes that by virtue of the foregoing section of the statute his mortgage ceased to be valid as against subsequent incumbrancers in good faith, but contends that, inasmuch as his mortgage continued to be valid as between the parties, the doctrine of lis pendens applies, by virtue of section 4732, Rev. Laws 1910, which provides: "When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition." Held: (1) The failure to refile a copy of the chattel mortgage was not fatal to the. instrument, nor did it affect its validity as between the parties or those with actual notice thereof; (2) that section 4732,

Rev. Laws 1910, applies to personal property; (3) that when the petition was filed it protected the plaintiff to the extent of preventing the acquisition of any interest by third persons in the subject-matter thereof, as against the plaintiff's title; (4) that the plaintiff's title was sufficient to entitle him to the benefit of the statute.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by A. J. Smith against T. D. Huckaby and N. D. Harris to foreclose a chattel mortgage and to secure possession of property, in which defendants defaulted, and the Curreather's Mercantile Company and another appeared as interpleaders. Judgment for interpleaders, and plaintiff brings error. On rehearing, reversed and remanded, with directions.

Wylie Snow, for plaintiff in error.

Zink & Cline, for defendants in error.

KANE, J. Upon rehearing we are convinced that the order dismissing the appeal should be set aside and the cause decided on its merits.

The facts, briefly, are these: That A. J. Smith, plaintiff in error herein, filed his petition in an action in replevin and brought suit on the 20th day of February, 1915, to foreclose a chattel mortgage given by T. D. Huckaby and N. D. Harris. Said mortgage was filed for record on the 29th day of December, 1911. On the 24th day of February, 1915, the Curreather's Mercantile Company and G. W. Green filed for record in the office of the county clerk a mortgage given by Huckaby and Harris on the same property; said mortgage being given to secure a debt for merchandise sold the year prior.

When the case came on for trial in the county court, Huckaby and Harris made default and dropped out of the case, and, Curreather's Mercantile Company and G. W. Green appearing as interpleaders, a trial was had for the sole purpose of determining the respective rights of the mortgagees under their respective mortgages. Upon judgment being rendered in favor of the interpleaders, Smith appealed to this court, but did not join Huckaby and Harris as defendants in error. In an opinion prepared by Mr. Commissioner West, which is pending on rehearing, this court dismissed the appeal for failure to make Huckaby and Harris parties to the proceedings to reverse the judgment of the lower court.

The opinion of the commissioner, which was filed November 20, 1917, overlooks an order of this court of April 11, 1916, overruling motion of defendants in error to dismiss ap-

peal, wherein this court considered the precise question upon which the commissioner dismisses the appeal. The grounds urged by defendants in error for dismissal were, of course, not briefed by counsel for plaintiff in error, in view of the prior order of this court. Regardless of the order of this court overruling the motion of defendants in error to dismiss appeal, the opinion of Commissioner West seems to be wrong as to the law. The rule covering appeals of this character is stated in 3 C. J. 1007, sec. 958, as follows:

"Where a judgment or decree is rendered against a part only of coplaintiffs or codefendants, an appeal on writ of error may and should be prosecuted only in the names of those prejudiced, and, where those not prejudiced are joined therein, the petition or writ will generally be dismissed."

Plaintiff in error in his petition for rehearing cited the cases of Gillette & Libby v. Murphy et al., 7 Okla. 91, 54 Pac. 413; Southern Pine Lumber Co. et al. v. Ward et al., 16 Okla. 131, 85 Pac. 459. The fifth paragraph of the syllabus of the latter case reads:

"In an appeal to the Supreme Court from a determination of a district court, persons not affected by or interested in the result need not be made parties."

Other cases in point are Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642; Chapple et al. v. Gidney, 38 Okla. 596, 599, 134 Pac. 859; De Bolt v. Farmer's Exchange Bank et al., 46 Okla. 258, 259, 265, 148 Pac. 830. As it was wholly immaterial to Huckaby and Harris whether plaintiff in error or defendants in error herein prevailed in the county court, they cannot be affected by the decision of this court. The opinion of the commissioner dismissing the appeal should be set aside, and the case should be decided on its merits.

The case upon its merits requires the construction of section 4035, Rev. Laws 1910, relating to refiling mortgages on personal property at the end of three years, and section 4732, Rev. Laws 1910, relating to the doctrine of lis pendens.

Counsel for plaintiff in error concedes that his client did not refile his chattel mortgage within three years from its original recordation, and that thereafter, by virtue of the statute, it ceased to be valid as against creditors of the mortgagor and subsequent purchasers or incumbrancers in good faith. But he says that the defendant in error having taken the chattel mortgage upon which he bases his claim, after the plaintiff had filed his petition in the present action for the purpose of foreclosing his lien and securing possession of the specific personal property covered by both mortgages, no interest adverse to his title was acquired.

We think the contention of counsel is well taken. Section 4732 reads as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

The Supreme Court of New Mexico, in passing upon the effect, as between the parties, of failure to refile a chattel mortgage, under a statute similar to our own held that the failure to refile a copy of a chattel mortgage is not fatal to the instrument, nor does it affect its validity as between the parties or those with actual notice thereof. Hunt v. Gragg et al., 19 N. M. 450, 145 Pac. 136.

If the first chattel mortgage herein was good as between the parties, notwithstanding it was not refiled, and this is not seriously disputed, then when the petition was filed, the action being for foreclosure and the possession of specific personal property, no interest could be acquired by third persons in the subject of the action, as against the plaintiff's title. The statute seems to be quite clear on this point, and its applicability is not seriously denied by counsel for the defendants in error, unless, as they contend, the doctrine of lis pendens does not apply to personal property. We are unable, however, to agree with this contention. So far as concerns the extension of the rule to personalty, it may be urged that every consideration of necessity and of public policy which demands and justifies the law of lis pendens, as applied to real estate, also demands and justifies the application of the same law to personal property. In fact, the ease with which personalty could be transferred to parties having no notice of the litigation is much greater than in the case of real estate. The probability of the defendant's entirely defeating the object of the suit by a transfer of the property pendente lite is rather greater in the case of personal than of real estate; and the necessity of some law prohibiting such transfer, to the prejudice of the prevailing party, is therefore greater in the former case than in the latter. While there are decisions implying that lis pendens does not apply to personal property, the decided weight of authority is in favor of extending the doctrine to such property. 17 R. C. L. sec. 18, tit. Lis Pendens.

In this action, which involves the foreclo-

sure of a lien and the possession of specific personal property, filing the petition protected the plaintiff to the extent of preventing the acquisition of any interest by third persons in the subject-matter thereof, as against the plaintiff's title. Marshall v. Shepard, 23 Kan. 321. That the plaintiff's title was sufficient to entitle him to invoke this section of the statute, see Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032, where it was held that the word "title," as used in the statute, must be construed "in its broadest meaning and most comprehensive signification."

For the reasons stated, the judgment of the court below is reversed and remanded, with directions to proceed in accordance with the views herein expressed.

OWEN, C. J., and RAINEY, JOHNSON, and HARRISON, JJ., concur.