**In re TRIANGLE PRINTING CO.**
No. 1576.

District Court, N. D. Oklahoma.
Oct. 10, 1932.

Mauzey & Coppedge, of Tulsa, Okl., for petitioner.

R. Allen Dixon, of Tulsa, Okl., for trustee.

KENNAMER, District Judge.

This matter is presented upon the referee' in bankruptcy's certificate of review. The facts certified are that the bankrupt, a corporation, purchased one rebuilt cylinder press with certain equipment, from the American Type Founders Company, and executed its promissory notes secured by a chattel mortgage for the purchase price thereof; that the chattel mortgage was duly filed for record in the office of the county clerk of Tulsa county, Okl., on or about January 17, 1927; that a renewal affidavit stating the balance remaining unpaid on the chattel mortgage was filed for record in the office of the county clerk of Tulsa county, Okl., on or about October 17, 1930, and after the expiration of three years from the date of the original filing of the chattel mortgage. On October 21, 1931, the bankrupt herein filed its voluntary petition in bankruptcy and

scheduled the mortgage of the American Type Founders Company as a valid lien, showing the balance due thereon. The balance remaining unpaid on the chattel mortgage at the time of the filing of the petition in bankruptcy was $693.43. It was stipulated that the amount claimed was correct; that the chattel mortgage was given for a valuable consideration; that it was regularly filed for record on or about January 17, 1927; and that the renewal affidavit was filed on or about the 17th day of October, 1930. It was further stipulated that there was no actual notice given to the creditors of the bankrupt or to the trustee herein, except such notice as was imparted by the filing of the voluntary petition and schedules in bankruptcy, setting forth the chattel mortgage. This proceeding originated before the referee in bankruptcy by the American Type Founders Company filing its petition to reclaim the cylinder press by reason of a lien it claimed under the chattel mortgage. The referee in bankruptcy concluded that the petition to reclaim should be denied, and a petition for review brings the controversy for consideration here.

Section 7650, Compiled Oklahoma Statutes 1921, provides that: "A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrances of the property, for value, unless the original, or authenticated copy thereof, be filed by depositing the same in the office of the register of deeds in the county where the property mortgaged, or any part thereof, is at such times situated. * * * "

Section 7654 of the same statute provides: "A mortgage of personal property ceases to be valid as against creditors of the mortgagor, and subsequent purchasers or incumbrancers in good faith after the expiration of three years from the filing thereof, unless within thirty days next preceding the expiration of such term, a copy of the mortgage and a statement of the amount of existing debt for which the mortgagee or his assignee claims a lien, sworn to and subscribed by him, his agent or attorney, are filed anew in the office of the register of deeds, in the county in which the mortgagor then resides. * * * "

■ The above-quoted provisions of the Oklahoma statute have had the consideration of the Supreme Court of Oklahoma, and constructions have been placed thereon with respect to the filing of a chattel mortgage, as well as with reference to the failure to file the affidavit accompanied by a copy of the mortgage and a statement of the amount due thereon. These questions are local, and the federal courts will follow the decisions of the Supreme Court of Oklahoma with respect to the construction of the particular statute. See Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 306, 49 L. Ed. 577. Security Warehousing Company v. Hand, 206 U. S. 415, 27 S. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789.

■■ A chattel mortgage executed in good faith, for a valuable consideration, which has not been filed as required by the above-quoted statute, is valid between the parties, and the lien created by such mortgage is superior to that of creditors, subsequent purchasers, or incumbrancers, where such person had actual notice of such mortgage prior to becoming a creditor, incumbrancer, or purchaser. First State Bank of Ardmore v. King & McCants, 37 Okl. 744, 133 P. 30, 47 L. R. A. (N. S.) 668; Fiegel v. First National Bank of Kingfisher, 90 Okl. 26, 214 P. 181. Lhevine v. Tulsa Industrial Loan & Investment Company, 113 Okl. 104, 239 P. 632.

■■ The failure to refile a copy of a chattel mortgage, as required by section 7654, supra, is not fatal to the instrument, nor does it affect its validity as between the parties or those with actual notice thereof. Smith v. Curreathers Mercantile Co., 76 Okl. 170, 184 P. 102; Hunt v. Gragg, 19 N. M. 450, 145 P. 136. In the instant case it is stipulated that the creditors of the bankrupt had no actual notice of the chattel mortgage, and, during the three years, while the mortgage was filed in accordance with the statutory requirement, the lien of the mortgage would have been superior to the rights of creditors. However, the failure of petitioner to file an affidavit setting forth the amount due under the mortgage, as well as a copy of the mortgage, within thirty days next preceding the expiration of the three-year period, terminated its validity as against creditors, unless such creditors had actual notice of the mortgage and that the same was not paid. The fact that the affidavit was filed beyond the thirty-day period would not render it valid against existing creditors during the three-year term, or those creditors who become such between the expiration of the three-year period and the date of the filing of the affidavit. It is not necessary to determine whether the mortgage would have been valid against creditors who became such after an affidavit was filed beyond the thirty-day period, or whether such filing was valid. Creditors who were such during the three-year period, with knowledge of the mortgage, but without knowledge as to the status thereof as to whether or not the same had been paid and

discharged, should prevail over the rights of the chattel mortgagee who fails to file the affidavit within the thirty-day period as required by statute, for the reason that they have been lulled into a feeling of security and may have deferred action to enforce their rights until the mortgage lien had ceased to be valid. A mortgagee can avoid such a situation and can adequately protect his rights by complying with the statute in filing the affidavit within the time fixed therein.

The trustee in bankruptcy became vested with the title to the bankrupt's property upon the filing of the petition in bankruptcy. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841. Bailey, Trustee, v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. The trustee is likewise given the right to question the validity of any lien or pledge that a lien creditor might challenge if there had been no bankruptcy, and he has rights which the bankrupt could have been estopped to assert. The trustee has all of the rights which any creditor could have asserted under the state law had bankruptcy not intervened. See Live Stock State Bank v. Doyle (C. C. A. 8th) 292 F. 465; Albert Pick & Co. v. Wilson (C. C. A. 8th) 19 F.(2d) 18; Smith v. Bucyrus Co. (C. C. A. 5th) 31 F.(2d) 514.

The rights of the trustee in bankruptcy as trustee for the creditors of the bankrupt are fixed by the Bankruptcy Act (11 USCA), which is superior to all state laws upon the subject. Moore v. Bay, 284 U. S. 4, 52 S. Ct. 3, 76 L. Ed. 133, 76 A. L. R. 1198. Mr. Justice Holmes, in the cited case, likewise held that claims which, for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt, shall not be liens against his estate. In reversing the Circuit Court of Appeals for the Ninth Circuit, wherein it was held that a mortgage was void as to two classes of creditors, but was valid as to a third class, or those creditors becoming such subsequent to the recording of the mortgage [In re Sassard & Kimball (C. C. A.) 45 F.(2d) 449], the United States Supreme Court held that what is recovered for the benefit of the estate is to be distributed in dividends of an equal per centum on all allowed claims, except such as have priority or are secured (Moore v. Bay, supra). It thus appears that, as the creditors with actual notice of the existence of the mortgage and creditors without such notice being equal in rank as such creditors, the trustee is entitled to the rights which could have been asserted by the creditors without notice, and, in so recovering, the estate should be divided equally. It may well here be observed that, if there are creditors who have rights superior to the lien of the mortgage, all creditors of an equal rank will likewise share in said estate equally, and the mortgage must be invalid as to the trustee in bankruptcy.

The cited case supra is determinative of the question herein presented, but, aside from that controlling decision, the fact that none of the creditors had actual notice of the existence of the mortgage after the time for the filing of the affidavit as fixed by the Oklahoma statutes had expired, the mortgage is invalid as to all creditors, and the trustee in bankruptcy is entitled to the property for the benefits of the creditors.

The order of the referee in bankruptcy denying the petition to reclaim the property referred to in the mortgage is sustained.